IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC ALLEN ZARSKA,

        Plaintiff,

                                CIVIL ACTION
    vs.                         No. 02-3250-SAC

(FNU) WHITELY, et al.,


        Defendants.


ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and paid the filing fee.

The court has examined the record and enters the following findings and order.

**Background**

At all relevant times, plaintiff was incarcerated in the El Dorado Correctional Facility. Plaintiff sought a lacto-ovo-vegetarian diet for religious purposes.

Plaintiff filed at least three amended complaints in this action. This order addresses only his claims of constitutional violations related to the provision of a vegetarian

diet.  These claims may be summarized as follows:

1.  Defendant Whitely retaliated against plaintiff based upon his religious beliefs by failing to correct problems with his religious diet, including replacing serving ladles with small sizes, directing prisoners to prepare less food than needed, directing prisoners to water down juice drinks, to deviate from recipes, by ordering reduced portion sizes, by preparing a lunch tray for the plaintiff on one occasion with missing or substituted food items, and by misrepresenting facts in a grievance response.

2.  Plaintiff alleges defendant Severn served plaintiff a meat-based Spanish rice dish instead of a vegetarian version of that item on September 6, 2002.

3.  Plaintiff alleges defendant Sanders, a food service supervisor, interfered with his religious exercise by failing to properly manage food service concerning the vegetarian diet line.

## Discussion

In order to state a claim for relief based on a violation of federal constitutional rights pursuant to 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show

2

that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

While the pleadings filed by a party proceeding pro se must be construed liberally, the court will not supply additional facts not alleged or develop legal arguments on plaintiff's behalf. <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Having examined the entire record, the court is considering the dismissal of plaintiff's claims concerning his diet for failure to state a claim upon which relief may be granted. The court will discuss each issue separately and will grant plaintiff an opportunity to show cause why this matter should not be dismissed.

It is settled law in the Tenth Circuit that prisoners have a constitutional right to a diet conforming with their sincerely-held religious beliefs. <u>LaFevers v. Saffle</u>, 936 F.2d 1117, 1119-20 (10th Cir. 1991). Prison officials are obliged to provide prisoners with humane conditions of confinement, including an adequate diet. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). This duty requires that a prisoner be provided with "nutritionally adequate food that is prepared

and served under conditions which do not present an immediate danger." Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980).

A "substantial" deprivation of food may be sufficiently serious to state a claim under the Eighth Amendment. Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir.), cert. denied, 537 U.S. 978 (2002). The severity and time of this deprivation are inversely proportional; therefore, minor deprivations over short periods of time do not implicate the Eighth Amendment, while significant deprivations of food over a short time may state a claim for relief. DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001).

First, to the extent the plaintiff points to deviations and substitutions in the vegetarian menu, see Doc. 6, pp. 15-49, the court finds that the discrepancies he identifies do not support a cognizable claim of a deprivation. The plaintiff's notes concerning the breakfast menu of May 2, 2002, provide an example of the deficiencies he identifies:

| Menu Plan | Item received |
|---|---|
| 4 oz. orange juice drink | none |
| 1 cup farina | (UK) farina |
| 3 oz. scrambled eggs w/cheese | (UK) eggs/no cheese |
| ½ c. cottage fries | (UK) cottage fries |
| 2 biscuits | 2 biscuits |
| 1/3 oz. margarine | 1/3 oz. margarine |
| 1/3 oz. jelly | 1/3 oz. jelly |
| 16 oz. 2% milk w/A & D | same |

4

```
16 oz. coffee              Watered down, but the same
3 packs sugar              3 packs sugar substitute
salt & pepper              same [1]
```

Other substitutions he identifies include receiving untoasted bread when the menu called for toast (5-7-02), potato cubes/quarters when the menu called for hash browns (5-9-02), 1 slice of garlic bread with "no garlic taste" when the menu called for 2 slices of garlic bread (5-10-02), black-eyed peas substituted for kidney beans (5-12-02), a 3/4 cup portion of pinto beans and 1 ½ c. Spanish rice when the menu called for 1 ½ c. pinto beans and 3/4 c. Spanish rice and the failure to provide ½ cup of cooked carrots (5-13-02). (Doc. 6, attach. exhibits).

While these records suggest that food service often substituted items, there is no support in the record for a claim that these acts were discriminatory or that the overall diet provided to plaintiff was inadequate to maintain health. To the extent plaintiff was dissatisfied with allegedly watered-down coffee or tea, unappetizing food, or a failure to provide condiments, he can state no claim for relief. A prisoner's constitutional rights do not require the provision

---

[1]Doc. 6, p. 15.

of food that is appealing.  See Lunsford v. Bennett, 17 F.3d
1574, 1578 (7th Cir.1994)(complaint alleging poor food
preparation did not state Eighth Amendment claim).

Likewise, the medical records provided as part of the
Martinez report do not support plaintiff's claims of nutri-
tional deprivation and related health problems.

The records show plaintiff's weight fluctuated from
approximately 234 pounds in August 1999 to 249 pounds in
October
2002.  Notes taken during a health care appointment on June
14, 2001, reflect a weight of 260.  On June 26, 2001, a nurse
met with plaintiff to discuss his diet habits and how to lower
his cholesterol.  Plaintiff's vegetarian diet was noted.

The medical records also reflect that during his
incarceration, plaintiff has received treatment for a rash and
cold symptoms, routine dental and optical care, and tetanus
shots.  (Martinez report, Ex. F.)  Although plaintiff has
submitted lengthy descriptions of physical problems that may
arise from nutrient deprivation, see Doc. 1, pp. 8-13 and Doc.
8, pp. 13-15, there is no evidence to show that he has
developed any physical malady due to his diet.

Next, concerning the plaintiff's claim against defendant

6

Severn, the <u>Martinez</u> report reflects that the plaintiff, along with other prisoners receiving a vegetarian diet, did receive a food serving containing a meat base on one occasion. The report asserts that defendant Severn did not discern the error until nearly all the vegetarian diet line had been served and decided against advising those affected about the error. She later was counseled to notify prisoners of such an error immediately and correct the problem if the situation occurred. Plaintiff contests this version.

However, the record does not contain any evidence that defendant Severn acted against plaintiff with a retaliatory motive based upon his religious exercise. Instead, it appears that many, if not all, prisoners receiving a vegetarian diet received the item in question.

A close examination of the plaintiff's canteen records reveals that plaintiff purchased such items as chicken noodles, tuna, sardines in oil, summer sausage, and beef noodles during 2002. (<u>Martinez</u> report, Ex. E.) These purchases suggest that plaintiff has not strictly adhered to a vegetarian diet and that he suffered no cognizable injury from the serving of a single dietary item containing a meat base.

7

Accordingly, the court grants plaintiff to and including April 21, 2006, to show cause why his claims alleging he was provided an inadequate or improper diet should not be dismissed. The court now turns to the plaintiff's motions for separate trials (Doc. 96), for the appointment of counsel (Doc. 142) and to withdraw the motion to compel (Doc. 140).

**Motion for separate trials**

Plaintiff moves for separate trials, citing the different issues presented in this complaint. (Doc. 96).

Under Rule 42(b), Fed. R. Civ. P., the court may conduct separate trials of any claim or issues.

The decision whether to conduct separate trials lies in the discretion of the court. <u>Angelo v. Armstrong World Indus., Inc.</u>, 11 F.3d 957, 964 (10th Cir.1993). The court should consider whether separate trials will promote convenience, expediency, and economy, whether the issues are separable, and whether separate trials would be unfair or prejudicial to any party. <u>Id</u>.

Plaintiff seeks separate trials on the ground that the claims against some defendants are unrelated to claims against other defendants, stating "[t]he only reason these defendants...are being considered together is because the plaintiff

8

filed against them all using the same case number...." (Doc. 97, p. 2.) He cites convenience, cost, and prejudice to him if this matter proceeds to a single trial.

Having considered the motion, the court finds that interests of judicial economy outweigh the concerns advanced by the plaintiff. The motion for separate trials is denied.

**Motion for the appointment of counsel**

Plaintiff also moves for the appointment of counsel (Doc. 142). It is settled that a party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. <u>Bethea v. Crouse</u>, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." <u>Long v. Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991).

The court notes that the plaintiff paid the filing fee in this matter, and that he has at least some financial resources. Significantly, plaintiff has not shown that he made

any effort to obtain counsel.  Because the record shows the plaintiff is articulate and able to present his claims and arguments clearly, the court declines to appoint counsel at this time.  If this matter proceeds to trial, the court will reconsider the plaintiff's request.

**Motion to withdraw**

Plaintiff moves to withdraw as moot his motion to compel (Doc. 140).  The court grants this motion.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including April 21, 2006, to show cause why the claims discussed herein should not be dismissed.  Plaintiff's reply shall not exceed ten (10) pages.  No other pleading shall be filed without leave of the court.

IT IS FURTHER ORDERED plaintiff's motion for separate trials (Doc. 96) and motion for the appointment of counsel (Doc. 142) are denied.

IT IS FURTHER ORDERED plaintiff's motion to withdraw as moot the motion to compel (Doc. 140) is granted.  The clerk of the court shall administratively terminate the motion to compel (Doc. 111).

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

10

Dated at Topeka, Kansas, this 31st day of March, 2006.


                    S/ Sam A. Crow
                    SAM A. CROW
                    United States Senior District Judge